YARRUT, Judge.
Plaintiffs, as owners of property at 2828 Calhoun Street, New Orleans, filed suit against Tait Construction, Inc. and United Bonding Insurance Company, Contractor and Surety, respectively, under a written construction contract dated January 18, 1967, contending that the abandonment of the contractual obligation by the Contractor, and the failure of the Bonding Company to complete the contract, resulted in damages to Plaintiffs.
The Bonding Company filed a third-party action alleging it was entitled to recover any amount it was compelled to pay to Plaintiffs from Fidelity Homestead Association, the mortgage holder, and Gaston G. Gardebled, its expert; that, in the original contract dated January 18, 1967 the Fidelity Homestead Association appeared as a third-party under the terms of the building contract, and Gaston G. Garde-bled was its expert to make inspection and recommend when payments should be made by the Homestead; that the said expert *560 failed to comply with his obligations in not properly inspecting the work in progress, and for permitting payments provided by the contract without calling attention to obvious defects in the work; and further, failed to notify the Bonding Company, as Surety, of the defects, so that action could have been timely taken to correct them.
The third-party Defendants moved for summary judgment which was awarded in their favor. From this judgment the Bonding Company has taken this appeal.
In their motions for summary judgment the third-party Defendants filed the following affidavits and documents:
1. Affidavit of Allain C. Andry, Jr., President of the Fidelity Homestead Association, alleging that the first notice of unsatisfactory work was received by the Homestead on April 26, 1967 and that no payments were made to the Contractor thereafter;
2. An affidavit by Gaston G. Gardebled, the building expert, essentially to the same effect;
3. A building contract dated January 18, 1967, and signed by the Homestead, the Plaintiff-wife, the Construction Company and the Bonding Company;
4. A letter to the Contractor from the Homestead dated April 26, 1967, in which it was stated that on a routine inspection made that date it was noted there were no men working on the job and that certain features of the work had not been completed ; and warning the Contractor to put sufficient men on the job so the completion date could be met and he could thereby avoid paying liquidated damages as provided for in the contract;
5. A list made up by the Homestead dated September 17, 1967, consisting of over 100 items of work that had allegedly either been defectively done or which had not been completed;
6. Affidavit signed by Plaintiff-wife, dated September 22, 1967, and filed in the Mortgage Office for the Parish of Orleans on September 25, 1967, putting the Construction Company in formal default, and stating that the Contractor and the Bonding Company had been notified of this default by certified mail;
7. Three payment approvals of the building expert and receipts by the Contractor, for periodic payments made to the Contractor by the Homestead, dated January 31, March 7 and March 23, 1967;
8. A ledger sheet from the Fidelity Homestead Association showing a balance due in favor of the Plaintiff-owners.
In opposition to the affidavits and documents in support of the motion for summary judgment John T. Russell, Vice-President of the Bonding Company, filed an affidavit in which he stated the following:
“That in the affidavits filed by Fidelity Homestead Association and Gaston G. Gardebled in support of their motion for summary judgment reference is made to a letter of April 26, 1967 signed by Gaston G. Gardebled as being the first notice to the homestead that the work being performed was unsatisfactory. That a review of said letter discloses that no complaint was made as to unsatisfactory work, the only complaint being that no work was being done and various items needed to be completed. That it was not until September 12, 1967, nearly five months later, that the itemized list of incomplete work and alleged defective work was made. That the building expert, Gardebled, was the expert for the homestead, appointed by them, and an officer of the said homestead and that they are charged with knowledge of any conditions satisfactory or unsatisfactory, that he found on making inspection of the progress of the work.
“That the said Gardebled had five months from the time that something was noted to be wrong, that is from the time that, because of arguments between the owner and contractor, work was stopped on the *561 job, in which to notice the alleged defective work, yet no notice thereof was given to the bonding company, or, apparently, to anyone else, including the contractor, that there was any defective work.” (Emphasis added.)
It is obvious from the affidavit of Mr. Russell that the Bonding Company agreed that the first notice to Mr. Garde-bled and the Homestead “that something” was wrong was on April 26, 1967. The affidavit also failed to deny no payments were made to the Contractor after this notice to the Homestead and the building expert. The two main charges made against the third-party Defendants are: (1) That improper payments were made; and (2), that there was no notice by the third-party Defendants to the Bonding Company.
Because it is clear from the affidavits and other documents that no improper payments were made, the first contention fails.
We must now decide whether or not the Homestead had a duty to inform the Bonding Company that work was progressing unsatisfactorily.
To find such a duty, we must look to the contract and the law. The only reference in the contract as to the duty of the Homestead (“the party of the third part”) is as follows:
“It is distinctly agreed and understood by and between the parties hereto, and the surety of the party of the second part (the Contractor) hereinafter intervening, that said party of the third part shall have the right, in the event of the failure or refusal of the party of the first part (the Owner) so to do, to perform the obligations and to exercise any or all of the rights of said party of the first part specified in this contract, and to perform and carry out any or all of the obligations imposed by law on the party of the first part as owner, but nothing in this or any other paragraph shall be construed as obligatory on the party of the third part, whose only obligation under this contract is the payment for account of the party of the first part of the contract price in the manner and under the conditions herein provided, said party of the third part assuming no responsibility for the accuracy or feasibility of the plans and specifications, nor for the erection of said building in accordance with said plans and specifications.” (Words in parentheses added.)
The contract certainly imposes no duty on the third-party Defendants to inform the Bonding Company if the work became unsatisfactory. Likewise, we find no statutory law or jurisprudence which would impose the duty on the third-party Defendants to supply any information to the Bonding Company.
For the above reasons, the judgment appealed from is affirmed; the third-party Plaintiff to pay all costs in both courts.
Affirmed.